**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:    maimons@aol.com

Attorney for Plaintiffs
KRISHNU PATEL,
NIMISHA PATEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNU PATEL; NIMISHA PATEL;<br><br>Plaintiffs,<br><br>v<br><br>THE HONORABLE MARIA D. HERNANDEZ, in her official capacity as the Presiding Judge of the Orange County Superior Court; THE HONORABLE CARMEN D. SNUGGS-SPRAGGINS, in her official capacity as a Commissioner of the Orange County Superior Court; TIFFANY MOORE RUSSELL, in her official capacity as the Clerk of the Orange County Superior Court; DON BARNES, in his official capacity as the Sheriff of the County of Orange; THE HONORABLE ROBERT A. BONTA, in his official capacity as the Attorney General of the State of California; DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br>**[ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF]** |

Plaintiffs KRISHNU PATEL and NIMISHA PATEL (collectively "Plaintiffs." or individually "KP," "NP" hereby file the following Complaint as a matter of right and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the Supremacy Clause of the Constitution, art. VI, cl. 2, and the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983.

## PARTIES

2. Plaintiffs KP and NP, are husband and wife and are the legal owners of KIAANS, LLC, a California limited liability company duly formed under the laws of the State of California, that owns and operates a motel commonly known as the Starlight Inn located at 18382 Beach Blvd., Huntington Beach, CA 92648 ("Motel").

3. Plaintiffs KP and NP, at all relevant times herein reside and resided at the Motel.

4. The Defendant THE HONORABLE MARIA D. HERNANDEZ ("MH") is at all relevant times herein, the Presiding Judge of the Orange County Superior Court ("Court") who is charged with enforcing the Court's policies and procedures. MH is sued in her official capacity only and the Court is located in Orange County, CA. The Honorable CARMEN D. SNUGGS SPRAGGINS, is at all relevant times the Commissioner presiding

in Department C-61 of the Orange County Superior Court adjudicating unlawful detainer actions ("CDS").

5. The Defendant TIFFANY MOORE RUSSELL ("TMR") is at all relevant times herein, the Clerk of the Orange County Superior Court ("Court") who is charged with enforcing the Court's policies and procedures with respect to the filing of court documents and the charging of filing fees. TMR is sued in her official capacity only and the Court is located in Orange County, CA.

6. The Defendant DON BARNES ("DB") is at all relevant times herein, the Sheriff of the Orange County Sheriffs Department ("SD") who is charged with enforcing the Court's orders and judgments with respect to evictions of individuals from residential and commercial property. DB is sued in hia official capacity only and the SD is located in Orange County, CA.

7. The Defendant ROBERT A. BONTA ("RB") is at all relevant times herein the Attorney General of the State of California ("State") who is charged with the enforcement of the State's civil laws. RB is is sued in hia official capacity only and the RB operates in Orange County, CA.

8. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown

to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

9. On January 16, 2025, Plaintiffs Cecilia Cole. Trustee of the Coal Trust #101 Trust B and of the Cecilia Cole Living Trust, Priya Rena Kapoor Darnborough and Heera Kapur (collectively "Cole") obtained a Judgment - Unlawful Detainer ("Judgment") for possession only of the Motel against the Defendants Raju Patel and Tara Patel (collectively "Patel"), who are husband and wife, in the Orange County Superior Court in a case entitled <u>Cecilia Cole, et al. v Raju Patel, et al</u>.; Case No. 30-2024-01410657-CU-UD-CJC ("UD Case").

10. Patel filed a timely appeal of the Judgment to the California Court of Appeal for the Fourth Appellate District, Division Three, which is still pending. The <u>Patel</u> appeal bears the same case name with a court of appeal case number G065175.

11. Cole only named Patel as the defendants in the UD Case and did not name the Plaintiffs as named defendants.

12. On February 20, 2025, Cole applied ex-parte for issuance of an amended judgment and writ of possession.

4

13. CDS denied Cole's ex-parte application, finding that while Cole served the named defendants with prejudgment claim of right to possession forms, there was no evidence in the register of actions in the UD Case that Cole served unknown occupants with a prejudgment claim of right to possession form pursuant to California Code of Civil Procedure section 415.46(a).

14. On March 24, 2025, the Plaintiff KP filed a Claim of Right to Possession and Notice of Hearing pursuant to the California Supreme Court's decision in <u>Arrieta v Mahon</u>, 31 Cal.3d 381 (1982) ("Arrieta Clain") in the UD Case and pursuant to <u>California Code of Civil Procedure</u> Section 1174.3©(1), the deputy Clerk of the Orange County Superior Court required that he deposit 15 days deposit at the time KP did rent with the Clerk of the Court in the amount of $11,342.40, an amount that Plaintiff did deposit at the time but under protest.

15. On March 24, 2025, the Plaintiff NP filed an Arrieta Claim in the UD Case with the Sheriff's Department and pursuant to California Code of Civil Procedure Section 1174.3©(1), the deputy Clerk of the Orange County Superior Court required that he deposit 15 days rent with the Clerk the Court in the amount of $11,342.40, an amount that Plaintiff NP did not deposit at the time as she could not afford such amount and Plaintiff KP had already deposited such amount in filing his Arrieta Claim.

16. As a result of Plaintiff NP not depositing the amount of $11,342.40 with the Clerk of the Orange County Superior Court, the Clerk refused to file her Arrieta Claim.

17. On April 2, 2025, CDS issued a sua sponte order, without a hearing or Plaintiff NP present that on "On 3/24/2025, Nimisha Patel filed a Claim of Right to Possession with the Sheriff's Department. To date, Nimisha Patel has failed to file the claim with the Court. The Court now orders the Claim of Right to Possession filed by Nimisha Patel ordered STRICKEN. The Court orders the Sheriff's Department to proceed with lockout forthwith. The Court orders the Clerk's Office to send a copy of this order to the Sheriff's Department."

18. Plaintiff KP's Arrieta Claim was granted by the Orange County Superior Court and the judge who heard the matter ordered that KP's deposit his claim be returned to him by the clerk of the court but the Court has to this date not returned the deposit

19. On July 22, 2025, DB and SD filed a return on a writ of possession against KP stating that the service of the writ of possession to post at the premises was cancelled by Cole and having received no further instructions to proceed with enforcement of the writ, DB and SD hereby returned the writ wholly unsatisfied as to the possession of the premises, and did not enforce the writ of possession.

20. Despite DB and SD filed a return on a writ of possession against KP, DB and SD have now served a Notice to Vacate to KP for September 30, 2025, and threaten to evict NP who resides at the Motel with KP and her children despite the fact that no judgment was entered against her and the fact that she was not locked out after KP's Arrieta claim was granted.

21. Patel was not required to deposit 15 days rent to defend the UD Case or appeal the Judgment as <u>California Code of Civil Procedure</u> Section 1174.3©(1) only applies to Arrieta Claims.

Based on the above facts, Plaintiffs allege the following claims:

## FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by Plaintiffs Against All Defendants)**

22. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-21 above.

23. Under the Supremacy Clause of the Constitution, the "laws of the United States shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the Contrary notwithstanding. U.S. Constitution, art. VI, cl. 2. Therefore, any state law that conflicts with federal law and a published opinion of the United States Supreme Court is null and void and are preempted and invalid.

24. California Code of Civil Procedure Section 1174.3©(1) directly conflicts with the United States Supreme Court's published decision in Lindsey v Normet, 405 U.S. 56, 74-79 (1972) that held that the State of Oregon's law that required tenants of property to post a double bond for appealing a judgment of possession violated the Equal Protection Clause, as it arbitrarily discriminates against tenants wishing t o appeal from adverse decisions, and heavily burdens the tenant's statutory right to appeal, and is not necessary to effectuate the State's purpose of preserving the property at issue.

25. California Code of Civil Procedure Section 1174.3©(1) thus conflicts with – and also stands as an obstacle to – United States Supreme Court law, and it is therefore

preempted and null and void and invalid.

26. Under 42 U.S.C. Section 1983, this Court has the power to enforce the rights of Plaintiffs and to enter an injunction precluding the Defendants, and each of them from enforcing <u>California Code of Civil Procedure</u> Section 1174.3©(1) and from evicting Plaintiffs from the Motel.

26. Plaintiffs allege that in doing all of the things herein mentioned, the Defendants MH, TMR, DB, and CDS, acted under color of the statutes, regulations, customs and usages of the State of California and the County of Orange for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

27. Plaintiffs further allege that in doing all of the things herein mentioned, the Defendants MH, TMR, DB, and CDS, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petitions and Grievances Clause; Fourth and Fourteenth Amendment of the United States Constitution Search and Seizures Clause the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

28. Defendants, and each of them, in engaging in the above-described conduct, in violating Plaintiffs' constitutional and civil rights as described above, acted according to official policy, custom and practice, and the individual Defendants MH, CDS, TMP, DB and CDS, and each of are not entitled to qualified immunity.

29. As a proximate result of the foregoing acts of defendants, and each of them, Plaintiff have suffered and continues to suffer extreme hardship and damages, which damages. include, but is not limited to, severe emotional distress and financial and economic damages. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have each has suffered and continues to incur is according to proof at trial but in a sum not less than $10,000,000.00 each, against Defendant DB, and his officers employed at SD, and that they are also entitled to appropriate declaratory and · injunctive relief against all Defendants, and each of them. Plaintiffs are also entitled to reasonable attorney's fees under 42 U. S.C. section 1988.

## SECOND CLAIM OF RELIEF

**(Equitable Relief by Plaintiffs Against Defendant RB)**

30. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-26 above.

31. For the reasons stated above, California Code of Civil Procedure Section 1174.3©(1) violates the United States Constitution, and thereby deprives Plaintiffs of their enforceable "rights" secured by federal law.

32. Federal courts of equity have the power to enjoin unlawful actions by state Officials. Such equitable relief has traditionally been available to enforce federal law.

33. Defendant RB is charged with enforcing California Code of Civil Procedure Section 1174.3©(1).

34. The Court can and should exercise its equitable power to enter an injunction precluding the Defendant RB from enforcing <u>California Code of Civil Procedure</u> Section 1174.3©(1).

### THIRD CLAIM OF RELIEF

**(Declaratory Relief by Plaintiffs Against All Defendants)**

35. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-31 above.

36. For the reasons stated above, <u>California Code of Civil Procedure</u> Section 1174.3©(1) violates the United States Constitution, and thereby deprives Plaintiffs of their enforceable "rights" secured by federal law.

37. In any "case of actual controversy within [their] jurisdiction," federal courts have the power to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. Section 2201.

38. The Court can and should exercise its equitable power to enter a declaration stating that <u>California Code of Civil Procedure</u> Section 1174.3©(1) is null and void and invalid in requiring that individuals filing Arrieta Claims must deposit 15 days rent with a court.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For appropriate damages against DB, and the officers he employs at SD in an amount no less than $10,000,000.00, against each of them, and declaratory and injunctive relief against all the Defendants;

2. For attorney's fees;

**SECOND CLAIM FOR RELIEF**

3. For appropriate injunctive relief against the Defendant RB;

**THIRD CLAIM FOR RELIEF**

5. For appropriate declaratory relief against all the Defendants ;

**FOR ALL CLAIMS FOR RELIEF**

6. For costs of suit;

7. For such other and further relief as the Court deems proper.

Dated: September 26, 2025           LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs KRISHNU PATEL,
NIMISHA PATEL

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: September 26, 2025          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs KRISHNU PATEL,
NIMISHA PATEL.

.
.